UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNSON W. GREYBUFFALO #229871,

    Plaintiff,

vs.    Case No.: **15 C 008**

EDWARD WALL, Secretary WDOC;

KELLI WILLARD WEST, Religious Practices Coordinator-DAI;

GARY BOUGHTON, Warden-WSPF;

SAMUEL APPUA, former chaplain of WCI;

    Defendants.

CIVIL RIGHTS SUIT PUSUANT TO 42 USC sec.1983

JURY TRIAL DEMANDED

---

## I. PLACE OF PRESENT CONFINEMENT (Provide full address)

Wisconsin Secure Program Facility
1101 Morrison Drive
P.O. Box 9900
Boscobel, WI 53805-0901

A. Is there a grievance procedure in your prison?   YES.

B. Have you filed a grievance concerning the facts relating to this complaint?   YES.

C. If you have used the grievance process:

  1. Describe what you did and the result, if any.

On April 30, 2013, the Complainant filed a DOC-2075 Request For New Religious Practice Form, and attached documentary exhibits, with the Programs Director, Vicki Sebastian, who was at that time acting as the facility's chaplain for all intents and purposes. **EXHIBIT: A.**

1

This DOC-2075 was filed with the intent that the Wisconsin Department of Corrections (WDOC) formally recognize the Native American Church (NAC) as a bona fide religion under it's policies and procedures.

Ms. Sebastian signed and filed the above mentioned DOC-2075 on May 3, 2013.

The WDOC, Division of Adult Institutions, (DAI), Religious Practices Coordinator, one Ms. Kelli R. Willard West, made her recommendation of DENIAL to the Warden of the Wisconsin Secure Program Facility (WSPF) on July 12, 2013.

Warden Tim Haines DENIED the DOC-2075 on July 19, 2013. Warden Haines has since been replaced as Warden of WSPF by Gary Boughton, and has been substituted accordingly.

On July 23, 2013, the Complainant received the DENIAL of his DOC-2075 via institution mail. .

On July 25, 2013 the Complainant filed an Inmate Complaint (DOC-400), pursuant to DAI Policy #309.61.01 (IV)(F), with regards to the DENIAL of a DOC-2075 Request For New Religious Practice. **EXHIBIT: B1 – B3**.

An ICE RECEIPT (DOC-410) was generated and received by the Complainant on July 26, 2013. . **EXHIBIT: C**.

An ICE REPORT (DOC-401) was prepared, and a recommendation was made to the Appropriate Reviewing Authority (ARA) by the ICE to DISMISS the Complaint on July 31, 2013.

The REVIEWER'S DECISION (DOC-403) was made on August 9, 2013, and was to DISMISS this Complaint. The Complainant did not receive both the ICE REPORT & the REVIEWER'S DECISION until August 12, 2013. . **EXHIBIT: D & E**.

The Complainant filed a timely Offender Complaint Appeal (DOC-405) on August 16, 2013. . **EXHIBIT: F**.

The Complainant's Appeal was acknowledged with a CCE RECEIPT (DOC-405A) on August 20, 2013, which the Complainant received on August 23, 2013. . **EXHIBIT: G**.

A CCE REPORT (DOC-404) was prepared and a Recommendation was made to the DOC Secretary on September 4, 2013, which was to DISMISS this Complaint.

The Office of the Secretary generated an OOS REPORT (DOC-408) on September 9, 2013, which dismissed this Complaint. The Complainant did not receive both the CCE REPORT & the OOS REPORT until September 11, 2013. . **EXHIBIT: H & I**.

## II. PARTIES

Johnson W. Greybuffalo, #229871, is the Plaintiff in this case. He is now currently being housed at the Wisconsin Secure Program Facility, 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805-0901. He is suing on behalf of himself and all other similarly situated Native American Prisoners.

Edward Wall, Secretary of the Department of Corrections, is a defendant in this case. His place of business is physically located at 3099 East Washington Ave., P.O. Box 7925, Madison, WI, 53707-7925. He is sued in both his individual and official capacities.

Kelli Willard West, Religious Practices Coordinator – DAI, is a defendant in this case. Her place of business is physically located at 3099 East Washington Ave., P.O. Box 7925, Madison, WI, 53707-7925. She is sued in both her individual and official capacities.

Gary Boughton, Warden – WSPF, is a defendant in this case. His place of business is physically located at Wisconsin Secure Program Facility, 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI, 53805-0901. He is sued in both his individual and official capacities.

Samuel Appua, former chaplain of WCI, is a defendant in this case. His place of business was formerly physically located at Waupun Correctional institution, P.O. Box 351 Waupun, WI

53963-0351; his current place of employment is unknown to the Plaintiff. He is sued in both his individual and official capacities.

## III. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?    NO.

B. Have you begun other lawsuits in state or federal court relating to your imprisonment?

YES.

C. If your answer is YES to either of the above questions, provide the following requested information:

1. **PARTIES TO THE PREVIOUS LAWSUITS**

Plaintiff: _____Johnson W. Greybuffalo #229871_____.

Defendant(s): _____Phil Kingston, Bruce Muraski, Cynthia Clough, Bret Mierzejewski, William Schultz.

2. Date filed: __on or about September 20, 2006.__

3. Court where case filed: _____U. S. District Court, Western District of Wisconsin.

4. Case number and citation: __06-C-504-C, 581 F. Supp. 2d 1034.__

5. Basic claim made: __violation of First Amendment – Free Speech Rights.__

6. Current status: _____Dismissed – Summary Judgment.__

7. If resolved, date of disposition: _____September 18, 2007.__

8. If resolved, state whether for: _____"Split Decision."

9. **PARTIES TO THE PREVIOUS LAWSUITS**

Plaintiff: _____Johnson W. Greybuffalo #229871_____.

Defendant(s): _____Daniel Bertrand, Michael Baenen, Robert Novitski.__

10. Date filed: _____on or about November 4, 2003.__

11. Court where case filed: __U. S. District Court, Western District of Wisconsin__.

12. Case number and citation: _____03-C-559-C_____ .

13. Basic claim made: _violation of First Amendment – Freedom of Worship_.

14. Current status: ____Dismissed – Summary Judgment__.

15. If resolved, date of disposition: ___November 4, 2003__.

16. If resolved, state whether for: _____defendants, "without prejudice."_

## IV. STATEMENT OF CLAIM

**A.** Defendants Wall, Willard-West, and Boughton are currently denying the Complainant his right to simply practice his religion. Practically put he cannot even engage in any aspect of his religion whatsoever. He is not even allowed the courtesy of being recognized within the WDOC's definitions of "religion" per their policies and procedures, where their own state's laws provide exemptions and definitions of/for the Native American Church; please refer to §961.115 Native American Church exemption, Wisconsin State Statutes.[1]

In making her denial, Ms. Willard-West, states that the Complainant's supporting documents are "within the RPAC's historical files, as they were given full review and consideration at the time the Native American URG was established in DOC policy" which the Complainant had attached to his original DOC-2075 Request. These documents make clear to any reader that prior to a major revision in 1992 and even afterwards, the WDOC recognized the NAC as a bona fide religion for policy and procedure purposes. When the change of non-recognition came about is anyone's guess.

These documents show a pattern by the WDOC that clearly identifies what can be termed as a conspiracy in some circumstances, and this Complainant is identifying it as such. Since 1990 the

---

[1] **§961.115 Native American Church exemption.** This chapter does not apply to the nondrug use of peyote and mescaline in the bona fide religious ceremonies of the Native American Church.

WDOC has used its considerable power to eliminate the religious rights of prisoners who practice the traditions of the Native American Church within the WDOC.

While the Complainant was at Waupun Correctional Institution (WCI) he filed an INTERVIEW/REQUEST Form (DOC-643) with then Chaplain Samuel Appua on November 29, 2011 asking him if he could get the ball rolling for Native American Church services. He responded on 12/5/11 with a written response that states: *"We can't do that. We do not have Native American Church services approved by DOC. If we can get an approved Native American Church pastor we can bring him in to organize one after getting DOC to approve the NAC."* . **EXHIBIT: J**.

The Complainant then wrote again on December 11, 2011 asking Chaplain Appua for the proper paperwork to file for recognition of the Native American Church. His written response on 12/19/11 states: *"You can fill out New Religious Practice Form for this. You can state that you are requesting RPAC or DOC to approve a Native American Church as one of the religious groups approved by DOC for inmates to practice. You can the state what is involved that religion in practice."*. **EXHIBIT: K**.

The Complainant filled out and filed the form in early January of 2012 with Chaplain Samuel Appua at WCI. On March 12, 2012, some two and a half to three months later, the Complainant wrote Chaplain Appua asking the status of his DOC-2075 Request. Chaplain Appua responded in writing on 3/26/2012 by stating: *"That kind of application goes through a long process before it gets to Madison. You need to exercise patience. As soon as we hear anything you would hear from us."* . **EXHIBIT: L**.

Eight months later, when nothing had happened, the Complainant wrote to Chaplain Appua on August 6, 2012 inquiring of the status of his DOC-2075 and whether it had been denied. In his written response on 8/7/12, chaplain Appua states: *"No it has not been denied. When you submitted your request there were so many of such requests on new religious practices that we treat them according to the order they were received. It is not an emergency request so kindly exercise patience. You will surely receive a response eventually."* . **EXHIBIT: M**.

In January of 2013 the Complainant was transferred from WCI to WSPF-GP. On February 4, 2013 the Complainant wrote to the Programs Supervisor of WSPF, Vicki Sebastian, asking about the status of his DOC-2075 Request filed at WCI and whether it had been denied or not. She responded in writing on 2/5/13 stating: *"I checked with Madison & was told that they did not receive the DOC-2075 you are asking about. Ms. West said that you should submit another one."* . **EXHIBIT: N**.

Once again on February 17, 2013 the Complainant wrote to the Programs Supervisor, Ms. Sebastian, sending her copies of the above referenced DOC-642 Interview/Information Requests and their written responses from chaplain Appua, informing her of the actual existence of his DOC-2075 before his filing of a second DOC-2075 Form. She wrote stating: *"I am sending you a Request For New Religious Practice form as I do not know anything about the DOC-2075 you are referring to other than what I was told by Madison when I contacted them."*. **EXHIBIT: O**.

As noted above the Complainant filled out and filed the DOC-2075 Form on April 30, 2013 requesting the WDOC recognize the Native American Church as a bona fide religion within it's institutions, for a second time.

On July 4, 2013 the Complainant wrote to the Programs Supervisor asking the status of his DOC-2075 Form. And once again asking about his previous filing at WCI and why his previous filing had seemingly been "lost." She wrote back on 7/8/13 stating: *"The form was mailed on 5/4. I checked with Ms. West today, & she did receive it & it is in the process of being reviewed."* . **EXHIBIT: P**.

Also on July 4, 2013 the Complainant wrote a letter to Ms. Willard-West, asking about the status of his current filing and raising concerns about his previous filing which had seemingly disappeared or been lost by WCI. He enclosed copies of the DOC-643's to Chaplain Appua which proved the existence of his previous filing to Ms. Willard-West. The Complainant received no response to this letter. . **EXHIBIT: Q**.

Ms. Willard-West made her recommendation(s) for denial on 7/12/13 in a dissembling two page document, comparing contemporary Christian ecumenicalism to his request. This was approved for denial by WSPF's warden Tim Haines on 7/19/2013. He in turn began and completed the above referenced Complaint process.

**B.** STATE BRIEFLY YOUR LEGAL TEHORY OR CITE APPROPRIATE AUTHORITY.

The Complainant relies upon the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.S. § 2000cc-1. Protection of religious exercise of institutionalized persons. And hereby declares that the defendants are in violation of said law.

The Complainant also relies upon the First Amendment of the United States Constitution. And hereby declares that the defendants are in violation of this Constitutional Amendment.

The Complainant further relies upon 42 U.S.C.S. 1985(3), Depriving persons of rights or privileges. And hereby declares that the defendants have conspired to deny the Complainant his right to practice his religion as cited herein.

## V. RELIEF YOU REQUEST

The complainant hereby requests a Declaratory Judgment against the defendants Edward F. Wall, Gary Boughton, Kelli R. Willard West, and Samuel Appua declaring that the defendants have violated the Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act by denying him the opportunity to practice his religious exercise, and even be recognized with other Native Americans of similar faith, specifically the Native American Church;

The complainant hereby requests a Declaratory Judgment against the defendants Edward F. Wall, Gary Boughton, Kelli R. Willard West, and Samuel Appua declaring that the defendants have violated the Plaintiff's right to freely practice his religion under the First Amendment with other Native Americans of similar faith, specifically the Native American Church;

The complainant hereby requests a Declaratory Judgment against the defendant Edward F. Wall, Gary Boughton, Kelli R. Willard West, and Samuel Appua declaring that the defendants have conspired against the Plaintiff, to deny him the opportunity to freely practice his religion, by even being recognized as a defined "religion" within the WDOC Policies and Procedures, under 42 U.S.C. §1985(3);

The Complainant hereby requests the Court grant sufficient monetary damages against defendants Edward F. Wall, Gary Boughton, Kelli R. Willard West, and Samuel Appua under 42 U.S.C. §1985(3), for conspiring to deny the Plaintiffs his religious practices under the Native American Church, in the amount of $25,000.00, Punitive Damages for each defendant;

The Complainant hereby requests a Permanent Injunction against the defendants Edward F. Wall, Gary Boughton, Kelli R. Willard West, and Samuel Appua directing the defendants, the WDOC, to grant the Plaintiff full religious recognition under the Native American Church with religious property to be included, along with required Ceremonies, the Complainant must point out to the Court that he is no way, shape or form asking for the introduction of the Holy Sacrament Peyote into the WDOC.

Finally, Complainant asks the Court to Certify a Class Action in this instance. The number of Native American Prisoners affected by the changes of the WDOC over the years is potentially in the thousands, and the number of future Prisoners is insurmountable thereby requiring the Court to recognize them as a Class.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 29th day of December, 2014.

_Johnson W. Greybuffalo_
Johnson W. Greybuffalo

9