IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

              ORDER

          Plaintiff,

            15-cv-8-bbc

      v.

EDWARD WALL, KELLI WILLARD WEST,
GARY BOUGHTON, SAMUEL APPUA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Johnson W. Greybuffalo has filed a proposed complaint in which he alleges that several prison officials are interfering with his ability to practice his religion.  In particular, plaintiff says that defendants denied his request to recognize the Native American Church as one of its "umbrella" religious groups.  He seeks relief under the free exercise clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act and 42 U.S.C. § 1985(3).  He has made an initial partial payment of the filing fee, 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915A.

A threshold problem with plaintiff's claims under the free exercise clause and RLUIPA is that plaintiff does not explain how defendants' conduct has prevented him from practicing his religion.  In his complaint, plaintiff says that defendants denied his request for official recognition, but he does not say how that affected his ability to observe his faith.  In other words, what *particular* religious exercises of the Native American Church is plaintiff unable

1

to observe without official recognition as an umbrella religion?  Without that information, it is impossible to tell whether plaintiff states a claim upon which relief may be granted under the free exercise clause or RLUIPA.  Accordingly, I will give plaintiff an opportunity to amend his complaint to provide additional information.

I am dismissing plaintiff's claim under § 1985(3), which applies to conspiracies to deprive a person of equal protection of the laws.  As the court of appeals has explained, "[t]he function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors. All defendants are state actors, so a § 1985(3) claim does not add anything except needless complexity."  <u>Fairley v. Andrews</u>,  578 F.3d 518, 526 (7th Cir. 2009) (citations omitted).

ORDER

IT IS ORDERED that

1.  Plaintiff Johnson Greybuffalo's claim under 42 U.S.C. § 1985(3) is DISMISSED.

2.  Plaintiff may have until February 6, 2015 to amend his complaint to identify the particular religious exercises that defendants' conduct is preventing him from observing.  If plaintiff does not respond by that date, I will dismiss the case for failure to state a claim

upon which relief may be granted and issue a strike in accordance with 28 U.S.C. § 1915(g).

Entered this 21st day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge