IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                            Plaintiff,

    v.

EDWARD WALL, KELLI WILLARD WEST,
GARY BOUGHTON, SAMUEL APPAU,

                          Defendants.[1]

OPINION and ORDER

15-cv-8-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Johnson Greybuffalo is proceeding on claims that defendants are violating his rights to practice his religion under the Religious Land Use and Institutionalized Persons Act and the free exercise clause of the First Amendment. In particular, plaintiff says that defendants are prohibiting him from engaging in the following religious exercises: (1) engaging in devotional services with other members of the Native American Church; (2) purifying himself in a sweat lodge according to the principles of the Native American Church; and (3) having religious feasts after religious ceremonies. Now before the court is defendants' motion for summary judgment with respect to plaintiff's claim regarding the denial of religious feasts. Dkt. #21. Defendants argue that plaintiff has failed to exhaust

---

[1] Plaintiff identified Samuel Appau as "Samuel Appua" in his complaint. I have amended the caption to reflect the correct spelling of this defendant's name, as reflected in his answer.

his administrative remedies with respect to that claim, as required by 42 U.S.C. § 1997e(a). Because plaintiff failed to follow prison rules for requesting a new religious activity and he failed to give officials notice that he wanted to include religious feasts with ceremonies, I am granting defendants' motion.

OPINION

It is undisputed that prisoners in the Wisconsin Department of Corrections must complete and submit a form called "DOC-2075" if they wish to participate in a new religious practice or obtain approval for a new religious item. Lagar v. Tegels, No. 13-cv-251-wmc, — F. Supp. 3d —, 2015 WL 1285792, at *4 (W.D. Wis. Mar. 20, 2015); Meyer v. Wisconsin Dept. of Corrections, No. 09-cv-312-bbc, 2010 WL 2486242, at *1 (W.D. Wis. June 16, 2010); Lindell v. Casperson, 360 F. Supp. 2d 932, 942 (W.D. Wis. 2005). Under 42 U.S.C. § 1997e(a), prisoners may not bring a lawsuit about restrictions in the prison until they have exhausted any available administrative remedies within the prison. Porter v. Nussle, 534 U.S. 516, 524 (2002). Thus, if a prisoner files a lawsuit about the denial of a religious practice but he did not submit a DOC-2075 form about the practice, then the prisoner's claim about that issue must be dismissed for his failure to exhaust his administrative remedies. Schlemm v. Frank, No. 11-cv-272-wmc, 2014 WL 2591879, at *9 (W.D. Wis. June 10, 2014), aff'd in relevant part, Schlemm v. Wall, 784 F.3d 362, 363 (7th Cir. 2015).

The parties discuss only one DOC-2075 form that plaintiff filed, so I will assume that

is the only form that plaintiff filed related to this case. On the form (which is attached to plaintiff's complaint, dkt. #1-1), plaintiff asks the Department of Corrections to "officially recognize the Native American Church as one of its 'Umbrella' Group Religions" and to approve various property items related to the religion. The parties do not explain what an "umbrella group" is, but in other cases, department officials have described an "umbrella religious group" as an "inclusive group designed to appeal to a wide range of religious beliefs within a given faith group." Meyer, 2010 WL 2486242, at *1. If a prisoner wishes to congregate with other prisoners for religious purposes or possess religious property, he must choose one of the umbrella groups, which include Protestant, Islam, Native American, Catholic, Jewish, Eastern Religions and Pagan. Kaufman v. Pugh, 733 F.3d 692, 695 (7th Cir. 2013). (Plaintiff says that the Native American umbrella group recognized by the Department of Corrections is different from the Native American Church.)

In this case, officials denied plaintiff's requests in a lengthy memo, stating that "[i]t would be impossible for WI-DOC to provide congregate programming to accommodate all inmate spiritual practices because of the wide diversity and sometimes very individualistic nature of religious beliefs and practices." Dkt. #1-1 at 3. Officials did not discuss plaintiff's requests for particular religious items, presumably because a denial of plaintiff's more general request for recognition of the group meant that more specific requests were denied as well. After receiving that decision, plaintiff filed a grievance under the Inmate Complaint Review System, but officials denied the grievance as well, for the same reasons. Id. at 23-31.

Plaintiff does not deny defendants' allegation that he failed to include in his DOC-

2075 form a request for feasts during group worship. (Defendants do not raise an argument that plaintiff failed to exhaust his other two claims, so I do not consider that issue.) Plaintiff's argument seems to be that the request for a feast was implicit in his more general request for group recognition because "Native American Church services include the traditional meal/breakfast/feast that concludes each and every service that is held." Plt.'s Br., dkt. #27, at 4. However, to support that statement, he cites new exhibits that he filed with his brief. Dkt. #28. Plaintiff does not suggest that he included any of that information with his DOC-2075 form or his grievance and he does not identify any reason why prison officials would have known about that particular aspect of plaintiff's religion without being informed by him.

The DOC-2075 form instructs prisoners to "[w]rite a detailed description of the religious practice that you want to participate in and what the request is based on." Dkt. #1-1 at 1. Generally, a prisoner must comply with prison rules regarding the type and amount of information that needs to be included in a grievance or form. Jones v. Bock, 549 U.S. 199, 218 (2007); King v. McCarty, 781 F.3d 889, 896 (7th Cir. 2015). At a minimum, the prisoner must provide enough information to alert prison officials to the nature of his problem. Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005). Again, without a specific request by plaintiff, officials would have no way of knowing that they were supposed to be considering a request for a religious feast as part of a general request for group recognition.

If I accepted plaintiff's argument, it would mean that a general request would have

4

to be construed as also including a request to engage in any conduct that was part of the religion, no many how obscure or complex that religion was.  It makes more sense to require a prisoner to identify to prison officials the particular religious exercises he wants to perform so that officials can consider the potential problems, costs and benefits presented by each one.

Plaintiff might argue that it would have been pointless for him to put more specific requests in his DOC-2075 form because the officials' response to that form made it clear that they were limiting their consideration to the question whether the Native American Church should be recognized as a separate umbrella group.  Although that argument has some force, the Supreme Court has held that the exhaustion requirement is mandatory, with no exception for situations in which the prisoner believes that prison officials will not grant his request.  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Accordingly, I conclude that defendants have met their burden to show that plaintiff failed to exhaust his administrative remedies with respect to his claim that defendants are refusing to provide plaintiff religious feasts that comport to his beliefs.  In accordance with Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004), I am dismissing that claim without prejudice.  If plaintiff wishes to raise a claim regarding that issue, he will have to file a new lawsuit after he completes the prison's process for requesting a new religious activity.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Edward

Wall, Kelli Williard West, Gary Boughton and Samuel Appau, dkt. #21, is GRANTED and plaintiff Johnson Greybuffalo's complaint is DISMISSED WITHOUT PREJUDICE as to plaintiff's claim that defendants violated his rights by refusing to provide religious feasts as part of Native American group worship.

Entered this 28th day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge