IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                                     ORDER

          Plaintiff,

                              15-cv-8-bbc

      v.

EDWARD WALL, KELLI WILLARD WEST,
GARY BOUGHTON, SAMUEL APPUA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Johnson Greybuffalo is proceeding on claims that several prison officials are interfering with his ability to practice his religion, in violation of the free exercise clause and the Religious Land Use and Institutionalized Persons Act.  Now before the court is an untitled motion in which plaintiff alleges that he has been unable to conduct legal research for this case, both because the prison's electronic legal research data base is often not working and because he has been denied access to the library altogether by prison staff. Plaintiff asks the court to "notify the facility to grant [him] access [to] 'reasonable' law library time." Dkt. #34.

Defendants do not deny plaintiff's allegations.  They admit that the prison's LexisNexis legal search engine was not working properly during the month of August and that, on September 9, 2015, plaintiff was denied access to the library because of a misapplication of rules by prison staff. Dkt. #35 at 2.  However, defendants say that the

search engine has been working since September 2, that plaintiff "had other options for legal research, including a variety of legal texts available in print" and that the staff member "has now been educated" about the rules." Id.

In his reply brief, plaintiff says nothing more about being denied access to the law library, so I will assume that issue has been resolved.  However, plaintiff alleges that the legal search engine is not working properly again, that the search engine's failure is "routine" and that the paper resources are not helpful because they do not include any federal rules, statutes or case law.  Dkt. #37.

I am denying plaintiff's motion because he has not made any showing that the limits on his research have prevented him from litigating this case.  Plaintiff has no imminent court deadlines and defendants have no motions pending at this time.  Plaintiff says that he wants to conduct research for a possible motion for reconsideration of the August 28, 2015 order granting defendants' motion to dismiss one of plaintiff's claims for his failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).  However, I am not aware of any authority suggesting that a prisoner's right to have access to the courts extends to motions for reconsideration.  Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007) ("The right of access to the courts protects prisoners from being shut out of court; it does not exist to enable the prisoner to litigate effectively once in court.") (internal quotations, citations and alterations omitted). Even if plaintiff does not seek reconsideration in this court, plaintiff retains his right to appeal the issue after final judgment is entered.  Furthermore, plaintiff does not explain why he believes the court erred in dismissing his claim or how he believes

more research will help him.

That being said, plaintiff's allegations are a matter for concern.  If plaintiff is correct that prisoners often are unable to conduct computer research, prisoners litigating cases in federal court have no real alternative.  The exhibit provided by defendants, dkt. #36-1, confirms plaintiff's allegation that the print resources available to prisoners do not include any federal materials, so it was disingenuous for defendants to suggest in their brief that plaintiff did not need access to the computer.  Of course, prison officials have discretion in determining the type of legal resources they provide prisoners, but whatever they choose, they have an obligation to give prisoners reasonable access to the courts.  Bounds v. Smith, 430 U.S. 817, 825 (1977) (officials must provide prisoners "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts").

Other than the month of August, plaintiff does not provide specific dates that computer research was unavailable, so the scope of the problem is not clear.  If there are occasional, short-term problems with the prison's system, those can be addressed by giving a prisoner an appropriate extension of time to comply with a court deadline.  However, if the problem becomes more frequent, then officials will need to come up with a backup plan or risk being held liable for violating a prisoner's constitutional right to reasonable court access.

ORDER

IT IS ORDERED that plaintiff Johnson Greybuffalo's untitled motion regarding legal research, dkt. #34, is DENIED.

Entered this 20th day of October, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge