IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                                        ORDER

          Plaintiff,

                                      15-cv-8-bbc

    v.

EDWARD WALL, KELLI WILLARD WEST,
GARY BOUGHTON, SAMUEL APPUA,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Johnson Greybuffalo is proceeding on claims that several prison officials are interfering with his ability to practice his religion, in violation of the free exercise clause and the Religious Land Use and Institutionalized Persons Act. In particular, plaintiff says that defendants are refusing to allow him to engage in devotional services with other members of the Native American Church and to purify himself in a sweat lodge according to the principles of that church.

On January 22, 2016, defendants filed a motion for summary judgment on all of plaintiff's claims. Dkt. #49. Plaintiff's response is due on February 22, 2016. Now plaintiff has filed a motion under Fed. R. Civ. P. 56(d) to extend his deadline by an unspecified amount of time so that he "may conduct necessary and meaningful discovery to properly dispute" defendants' motion. Dkt. #58. In a declaration accompanying his motion, plaintiff provides only one example of that discovery. In particular, he says that, "[d]epending upon

1

the answer(s) to Plaintiff's interrogatories [filed with the court on January 19, 2016, dkt. ##48 and 49], [he] may need to file a motion for Production of Documents" so that he can review "policies" relevant to the motion. Dkt. #59 at ¶ 10.

I am denying plaintiff's motion for three reasons. First, plaintiff says that he will need additional discovery only if the defendants respond to his interrogatories in a certain way. Thus, his motion is premature.

Second, and more important, a party is not entitled to relief under Fed. R. Civ. P. 56(d) unless he identifies the particular evidence he needs *and* he explains how that evidence will help him defeat summary judgment. American Needle Inc. v. National Football League, 538 F.3d 736, 740-41 (7th Cir. 2008); United States v. All Assets & Equipment of West Side Buildings Corp., 58 F.3d 1181, 1190-91 (7th Cir. 1995). Plaintiff says that he needs the unspecified policies because he believes that defendants relied on them to deny his religious requests, but if that were true, defendants would have been required to submit those policies with their summary judgment materials. If plaintiff believes that additional policies are relevant, he will have to explain how those policies will help him prevail on defendants' motion for summary judgment. In addition, he should file with the court any additional discovery requests he intends to serve.

Finally, plaintiff does not explain why he did not file his discovery requests earlier. He says in his declaration that he believed defendants would discuss a possible settlement during his deposition, but he does not point to anything that defendants or their counsel did that led him to believe this. If plaintiff chooses to renew his motion, he should explain why

2

he waited until January 2016 to file his interrogatories. In addition, he should include a request for a specified amount of time to complete the necessary discovery.

ORDER

IT IS ORDERED that plaintiff Johnson Greybuffalo's motion for an extension of time under Fed. R. Civ. P. 56(d), dkt. #59, is DENIED WITHOUT PREJUDICE.

Entered this 9th day of February, 2016.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge