IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                                              ORDER

            Plaintiff,

                                        15-cv-8-bbc

       v.

JON LITSCHER, KELLI WILLARD WEST,
GARY BOUGHTON, SAMUEL APPAU,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Johnson Greybuffalo has filed a motion for reconsideration of portions of the April 15, 2016 opinion and order on defendants' motion for summary judgment.  In that order, I concluded that plaintiff was entitled to a trial on his claims that defendants Jon Litscher, Gary Boughton and Kelli Willard West are violating plaintiff's rights under the Religious Land Use and Institutionalized Persons Act and the free exercise clause by denying his requests for devotional services for the Native American Church and for group use of a water drum.  I dismissed plaintiff's claims that defendants are denying plaintiff's requests for group use of a gourd rattle and feather or wing fan during sweat lodge ceremonies because it was undisputed that those items are permitted at sweat lodge ceremonies.

In his motion for reconsideration, plaintiff argues that I should have considered the merits of two other issues as well: (1) whether plaintiff is entitled to use a gourd rattle, feather or wing fan and water drum for personal use in his cell; and (2) whether plaintiff is entitled to a separate sweat lodge ceremony so that he can feel comfortable singing songs of

the Native American Church.  He cites passages from his complaint in which he alleged that defendants were denying him the opportunity "to possess religious property, both personal and congregate" and "to participate in a sweat lodge conducted pursuant to Native American Church principle[s]." He argues that these allegations were sufficient to preserve these issues.

Defendants oppose both aspects of plaintiff's motion for reconsideration, but for different reasons.  With respect to a claim that plaintiff needs certain religious items for personal use, defendants note that I considered and rejected this issue in the screening order because the only problem related to property that plaintiff identified in his complaint was that he could not use particular items during the sweat lodge ceremony.  Dkt. #5 at 2. Although plaintiff alleged that defendants were denying him the right to possess "personal" religious property, that was just a conclusion, so it provided no notice of a possible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Because plaintiff did not explain how personal possession of any particular religious item was necessary or even relevant to his religious exercise, he did not state a claim with respect to that issue.  Plaintiff could have filed an amended complaint in which he elaborated on these allegations, but he never did so.  Even now, plaintiff does not explain why he wants  a gourd rattle, feather or wing fan and water drum for personal use in his cell.  Accordingly, I am denying that aspect of plaintiff's motion.

With respect to a claim that plaintiff needs a separate sweat lodge ceremony, defendants do not deny that plaintiff's complaint is broad enough to include that claim, so

2

I need not consider that issue.  Instead, defendants simply say that "[t]he institution can accommodate a sweat lodge ceremony led in accordance with Native American Church principles under the current policy."  Dkt. #74 at 3.  Defendants do not explain the significance of that statement, but it echoes their argument in their summary judgment motion that they are not burdening plaintiff's ability to participate in group "devotional services" because current policy allows plaintiff to engage in that type of worship, so long as he finds a nonprisoner volunteer to lead the service.  However, I concluded in the April 15 order that there are disputed facts on that issue.  Because defendants do not identify any relevant factual differences between plaintiff's request for group devotional services and his request for a separate sweat lodge ceremony, I will allow plaintiff to proceed on a claim that defendants Litscher, Boughton and Willard West are violating plaintiff's rights under the Religious Land Use and Institutionalized Persons Act and the free exercise clause by refusing to allow him to hold a separate sweat lodge ceremony for the Native American Church.

In closing, I repeat my observation from the April 15 order that the parties should be considering whether a trial is necessary in this case.  If it is true as defendants suggest that they have no objections to plaintiff's religious requests, then they should be working with him now to determine how to resolve any lingering disputes.


ORDER

IT IS ORDERED that plaintiff Johnson Greybuffalo's motion for reconsideration, dkt. #71, is GRANTED IN PART.  Plaintiff may proceed to trial  on a claim that defendants

Jon Litscher, Gary Boughton and Kelli Willard West are violating plaintiff's rights under the

Religious Land Use and Institutionalized Persons Act and the free exercise clause by refusing

to allow him to hold a separate sweat lodge ceremony for the Native American Church.

Plaintiff's motion is DENIED in all other respects.

Entered this 25th day of May, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4