IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                                                                                              ORDER

               Plaintiff,

                                                                                               15-cv-8-bbc

    v.

JON LITSCHER, KELLI WILLARD WEST,
and GARY BOUGHTON,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Johnson Greybuffalo is proceeding on three claims in this case: (1) defendants are denying plaintiff's request to hold devotional services for the Native American Church, in violation of the Religious Land Use and Institutionalized Persons Act and the free exercise clause; (2) defendants are refusing to allow plaintiff to use a water drum during sweatlodge ceremonies, in violation of RLUIPA and the free exercise clause; and (3) defendants are refusing to allow a separate sweatlodge ceremony performed in accordance with the principles of the Native American Church, in violation of RLUIPA and the free exercise clause. Trial is scheduled for September 7, 2016.

      A telephone status conference was held before United States District Judge Barbara Crabb. Defendants appeared by Rachel Bachhuber. Plaintiff appeared on his own behalf.

      The purpose of the conference was to address the court's concerns regarding the

1

upcoming trial. First, defendants had represented in multiple filings that the parties had settled claims (1) and (2) identified above, but the parties had not yet filed a stipulation of dismissal with respect to those claims, so it was not clear whether those claims still needed to be tried. Second, because there had been little factual or legal development of plaintiff's claim regarding a separate sweatlodge ceremony, it was not clear whether a trial was the most appropriate method for resolving the claim.

At the conference, the court and the parties reached the following conclusions:

- the September 7, 2016 trial would be canceled; it would be rescheduled only if the remaining claims could not be resolved through other means;

- the parties would have until September 9, 2016 to file a stipulation of dismissal with respect to one or more claims.

If the parties are unable to settle the entire case, I will set a new schedule to resolve the remaining claims at that time.

ORDER

IT IS ORDERED that

1. The September 7, 2016 trial is CANCELED. The court will set a new trial date if the claims cannot be resolved through settlement or summary judgment.

2. The clerk of court is directed to cancel the writ of habeas corpus ad testificandum for plaintiff's appearance at trial.

3. The parties may have until September 9, 2016 to file a stipulation with respect

to all or some of the claims in this case.

    4. If the parties are not able to resolve all of their claims by September 9, 2016, I will set a new schedule for the remaining claims at that time.

    Entered this 2d day of September, 2016.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge