IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                                                                               ORDER

           Plaintiff,

                                                                               15-cv-8-bbc

    v.

JON LITSCHER, KELLI WILLARD WEST,
and GARY BOUGHTON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       The parties have filed a stipulation to dismiss with prejudice two of pro se prisoner Johnson Greybuffalo's claims in this case: (1) defendants are allegedly denying plaintiff's request to hold devotional services for the Native American Church, in violation of the Religious Land Use and Institutionalized Persons Act and the free exercise clause; and (2) defendants are allegedly refusing to allow plaintiff to use a water drum during sweatlodge ceremonies, in violation of RLUIPA and the free exercise clause. Dkt. #105. This stipulation leaves one claim remaining: defendants are allegedly refusing to allow a separate sweatlodge ceremony performed in accordance with the principles of the Native American Church, in violation of RLUIPA and the free exercise clause.

       Trial was scheduled to begin on September 7, 2016, but, in a September 2, 2016 telephone conference with the parties, I questioned whether the parties were ready to try the

remaining claim in light of the fact that there had been little legal or factual development of it. Accordingly, rather than reschedule the claim for trial, I will give the parties an opportunity to file cross motions for summary judgment.

To assist the parties in drafting their motions for summary judgment, I will make a few observations. First, in their pretrial report, defendants stated that they have proposed an accommodation for plaintiff with respect to the remaining claim, which is to allow a sweat lodge ceremony for members of the Native American Church every other month. According to defendants, plaintiff objects on the ground that he wants a sweat lodge ceremony for his church every month. Thus, defendants frame the primary issue as whether the difference between a monthly and bimonthly ceremony violates plaintiff's rights.

The problem with the way that defendants have framed the claim is that it is not the way that plaintiff or this court has framed it. In other words, I allowed plaintiff to proceed to trial on a claim that defendants are denying his request to have a separate sweat lodge ceremony for members of the Native American Church. Of course, defendants are free to make whatever settlement offer they wish, but that settlement does not change the nature or scope of plaintiff's claims. The only way defendants could do that would be to consent to a judgment that plaintiff is entitled to a separate, bimonthly sweat lodge ceremony, something that defendants have not offered. Thus, in the absence of a consent judgment, the general issue addressed by the parties in their

summary judgment materials should be whether plaintiff has a right under the First Amendment or RLUIPA to a separate sweat lodge ceremony, not the frequency with which such ceremonies should be held. If plaintiff prevails on his claim that he is entitled to a separate sweat lodge ceremony, defendants can argue that a bimonthly ceremony is sufficient to satisfy the Constitution and RLUIPA. However, that is an issue about the appropriate remedy, not liability.

During the telephone conference, counsel for defendants stated that they were focusing on their settlement offer because they had never denied a request by plaintiff for a separate sweat lodge ceremony. If plaintiff did not present a request to prison staff about a separate ceremony before filing this lawsuit, it would suggest that plaintiff's claim is not ripe for review. However, that is not an issue that I can resolve in the context of this order. If defendants believe that plaintiff's claim is not ripe, they can raise that issue in their motion for summary judgment.

The parties should also consider carefully what they need to prove to prevail on their claims or defenses. As the parties know, RLUIPA requires a prisoner to show that a restriction imposes a "substantial burden" on his "religious exercise." 42 U.S.C. § 2000cc-1(a)(1)-(2). Thus far, most of the objections that plaintiff has raised with respect to the prison's version of the sweat lodge ceremony were about the religious items that could be used during the ceremony, but disputes about religious items are no longer part of this case. The only reason that plaintiff has identified for wanting a

separate ceremony is that he feels uncomfortable singing songs from his own tradition at the existing sweat lodge ceremony. Plt.'s Decl. ¶ 29, dkt. # 63. If this is the only reason for wanting a separate ceremony, plaintiff will have to show that his discomfort is a substantial burden on his religious exercise. If plaintiff makes that showing, defendants will have to show that any refusal to permit a separate sweat lodge ceremony is the least restrictive means to further a compelling government interest. 42 U.S.C. § 2000cc-1(a)(1)-(2).

One final matter requires attention. Plaintiff has filed a "motion in limine" regarding the admissibility of evidence of his convictions at trial. Dkt. #104. Because it is too early to say whether a trial will be necessary, I am denying this motion as premature.

ORDER

IT IS ORDERED that

1. In light of the parties' stipulation, dkt. #105, the following claims are DISMISSED WITH PREJUDICE: (1) defendants Jon Litscher, Gary Boughton and Kelli Willard West are allegedly denying plaintiff Johnson Greybuffalo's request to hold devotional services for the Native American Church, in violation of the Religious Land Use and Institutionalized Persons Act and the free exercise clause; and (2) defendants are allegedly refusing to allow plaintiff to use a water drum during sweat lodge

ceremonies, in violation of RLUIPA and the free exercise clause.

2. The parties may have until October 25, 2016, to file cross motions for summary judgment on plaintiff's remaining claim. If the claim cannot be resolved on summary judgment, I will schedule a new trial date at that time.

3. Plaintiff's motion in limine, dkt. #104, is DENIED as premature.

Entered this 14th day of September, 2016.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge