IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                      Plaintiff,

    v.

JON LITSCHER, KELLI WILLARD WEST
and GARY BOUGHTON,

                      Defendants.

OPINION and ORDER

15-cv-8-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Johnson Greybuffalo brought this case to challenge what he viewed as violations of his right to practice his religion. The court has dismissed some claims, dkt. ## 30 and 70, and the parties have settled others, dkt. #105. The only remaining issue is whether prison officials are violating the Religious Land Use and Institutionalized Persons Act and the free exercise clause of the First Amendment by refusing to hold a separate sweat lodge ceremony for prisoners like plaintiff at the Wisconsin Secure Program Facility who are adherents of the Native American Church. The prison already holds a sweat lodge ceremony on a regular basis, but plaintiff says that the ceremony offered now is not conducted in accordance with the principles of the Church.

      Both sides have moved for summary judgment, dkt. ##107 and 111, and both motions are ready for review. I agree with defendants that plaintiff's claim is premature for two reasons: (1) plaintiff has never requested a separate sweat lodge ceremony through the

1

required administrative process; and (2) plaintiff has not identified anyone who could lead a sweat lodge ceremony for adherents of the Native American Church. Accordingly, I am granting defendants' motion for summary judgment as to this claim.

OPINION

A. Failure to Complain to Prison Officials Before Filing This Lawsuit

The primary issue discussed by the parties is whether plaintiff complied with 42 U.S.C. § 1997e(a), which requires a prisoner to exhaust all available administrative remedies before filing a lawsuit in federal court related to his treatment in prison. Porter v. Nussle, 534 U.S. 516, 524 (2002). Prisoners in the Wisconsin Department of Corrections must complete and submit a form called "DOC-2075" if they wish to participate in a new religious practice or obtain approval for a new religious item. Lagar v. Tegels, 94 F. Supp. 3d 998, 1003-04 (W.D. Wis. 2015); Meyer v. Wisconsin Dept. of Corrections, No. 09-cv-312-bbc, 2010 WL 2486242, at *1 (W.D. Wis. June 16, 2010); Lindell v. Casperson, 360 F. Supp. 2d 932, 942 (W.D. Wis. 2005). Thus, if a prisoner files a lawsuit about the denial of a religious practice without submitting a DOC-2075 form about the practice, then the prisoner's claim about that issue must be dismissed for his failure to exhaust his administrative remedies. Schlemm v. Frank, No. 11-cv-272-wmc, 2014 WL 2591879, at *9 (W.D. Wis. June 10, 2014), aff'd in relevant part, Schlemm v. Wall, 784 F.3d 362, 363 (7th Cir. 2015).

The parties debate three issues related to DOC-2075: (1) whether a form plaintiff

submitted in 2013 included a request for a separate sweat lodge ceremony; (2) if not, whether a grievance plaintiff filed the following year satisfied any requirement to raise the issue administratively; and (3) if not, whether the court should conclude that plaintiff did not need to raise the issue before filing this lawsuit. I will consider each argument in turn.

1. DOC-2075 form

The first issue is resolved by this court's previous order addressing the question whether plaintiff had exhausted his administrative remedies on his claim that he was entitled to have feasts after religious ceremonies. Greybuffalo v. Wall, No. 15-cv-8-bbc, 2015 WL 5093340 (W.D. Wis. Aug. 28, 2015), dkt. #30. In that order, I noted that plaintiff's 2013 form is limited to a request to "officially recognize the Native American Church as one of its 'Umbrella' Group Religions" and to approve various property items related to the religion. Because plaintiff did not include a request for religious feasts, he had not exhausted his administrative remedies as to that claim.

In this case, plaintiff does not deny that his DOC-2075 form says nothing about a separate sweat lodge ceremony, but he says that "any reasonable person would understand that" approval of a new religious group "would entail accompaniment of Religious Services both Congregate in nature and Study Group related." Plt.'s Resp. to Dfts.' PFOF ¶ 7, dkt. #125. That is essentially the same argument that plaintiff made with respect to his religious feasts claim and I rejected the argument:

> The DOC-2075 form instructs prisoners to "[w]rite a detailed description of
> the religious practice that you want to participate in and what the request is

> based on." Dkt. #1-1 at 1. Generally, a prisoner must comply with prison rules regarding the type and amount of information that needs to be included in a grievance or form. Jones v. Bock, 549 U.S. 199, 218 (2007); King v. McCarty, 781 F.3d 889, 896 (7th Cir. 2015). At a minimum, the prisoner must provide enough information to alert prison officials to the nature of his problem. Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005). Without a specific request by plaintiff, officials would have no way of knowing that they were supposed to be considering a request for a religious feast as part of a general request for group recognition.

Dkt. #30 at 4.

This reasoning applies to plaintiff's claim regarding a separate sweat lodge ceremony as well. Under prison rules, plaintiff was required to identify each new practice that he was requesting, even if he believed that it was obvious what he wanted. Although group worship is a common aspect of religious exercise, it is not necessarily universal. Even if it is reasonable to assume that a request for a new group will include some type of request for a group exercise, the rules required plaintiff to provide information about his request. This rule makes sense because different group exercises will impose different financial, administrative and security burdens on the prison.

In this case, the scope of plaintiff's request was not as obvious as he suggests. Plaintiff says now that he wanted at least two different kinds of separate group exercises, a sweat lodge ceremony and a congregate church service. Plaintiff identifies no way that prison officials could have anticipated those requests without specific notice from him. Particularly because plaintiff did not identify any problems with the current sweat lodge ceremony that would have required a separate ceremony, I do not accept plaintiff's contention that a separate sweat lodge ceremony was implicit in his request for approval of a new religious

4

group.

2. Grievance

With respect to plaintiff's second argument, that he raised the relevant issue in a 2014 grievance, he cites no authority for the view that a grievance may serve as a substitute for a DOC-2075 form. Under Jones, 549 U.S. at 218, prisoners are required to follow the procedures established by prison officials for exhausting administrative remedies. Further, the court of appeals has upheld the requirement that prisoners must submit a DOC-2075 form to exhaust administrative remedies as to a claim about a new religious practice. Schlemm, 784 F.3d at 363. Both Jones and Schlemm provide strong support for the conclusion that plaintiff could not bypass the special procedure created for religion claims and choose on his own to use the more general grievance procedure instead.

Even if I considered plaintiff's grievance, it would not help him. The subject of the grievance is the denial of his request in his DOC-2075 form to recognize the Native American Church as an "umbrella religious group." Dkt. #115-2, exh. 108, at 9-11. The grievance does not even mention sweat lodge ceremonies.

Plaintiff says that "Congregate Group Services are directly discussed within the Complaint itself," Plt.'s Resp. to Dfts.' PFOF ¶ 10, dkt. #125, but he does not cite any particular passages from the grievance. There is a quotation in the grievance from the chaplain, who allegedly told plaintiff, "we do not have Native American Church services." Dkt. #115-2. exh 8, at 10. However, plaintiff does not include a request for separate

5

services in the grievance. Even if plaintiff's inclusion of that quotation could be construed as a request for services, plaintiff himself has treated "services" separately from a sweat lodge ceremony. In fact, in their "stipulation for partial dismissal," dkt. #105, the parties settled plaintiff's claim regarding "devotional services," but not the claim regarding a separate sweat lodge ceremony. In sum, the grievance did not give prison officials notice of a claim that plaintiff needed a separate sweat lodge ceremony in order to practice his religion.

3. Availability of remedy

Plaintiff devotes nearly all of his opposition brief to his third argument, which is that DOC-2075 does not qualify as an "available" administrative remedy, so he was not required to use it. Plaintiff's discussion is somewhat difficult to follow, but I see two possible arguments: (1) the DOC-2075 form is only a "policy," so it does not have the "force and effect of law," dkt. #124 at 3; and (2) the DOC-2075 form provides no relief to prisoners. Neither of these arguments can carry the day for plaintiff.

As to the first argument, plaintiff's position seems to be that exhaustion requirements must be embodied in regulations in the administrative code, but none of the authority cited in his brief supports that view. Section 1997e(a) itself does not include such a requirement and case law establishes that no such requirement exists. A prisoner must follow any prison "policy" regarding exhaustion, so long as that policy is communicated to the prisoner in advance. King v. McCarty, 781 F.3d 889, 896 (7th Cir. 2015) ("To the extent the policy [in this case, a jail handbook] was available to [the prisoner], he was required to follow its

6

specific procedures. . . . Prisoners are required to exhaust grievance procedures they have been told about."). Because it is undisputed that plaintiff was aware of the requirement to submit a DOC-2075 form, this argument fails.

Alternatively, if plaintiff means to argue that he did not need to comply with DOC-2075 because it is an ineffective remedy, that argument fails as well. In Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), the Supreme Court rejected the view that lower courts may excuse the exhaustion requirements on the ground that it would be futile to use the administrative process. Plaintiff quotes the statement from Ross v. Blake, 136 S. Ct. 1850, 1859 (2016), that "an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." However, plaintiff cites no examples other than his own in which officials have denied requests for new religious practices, so he has failed to show that officials are "consistently unwilling to provide any relief."

4. Standing

I note that plaintiff's failure to present his request to prison officials before bringing this lawsuit has jurisdictional implications as well. Generally, a person seeking a particular benefit under the law does not have standing to sue unless he was "personally denied" that benefit. Freedom from Religion Foundation, Inc. v. Lew, 773 F.3d 815, 822 (7th Cir. 2014). Further, a plaintiff must have standing at the time he files the lawsuit, Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009), so he cannot avoid dismissal of

a lawsuit by satisfying the requirement while litigation is pending.  Plaintiff does not point to any request he made to any prison official before filing this lawsuit for holding a separate sweat lodge ceremony, which raises the question whether plaintiff has standing to sue.

Defendants did not raise the issue of standing in their motion.  Although standing is a jurisdictional requirement that cannot be waived by the parties, Crosby v. Cooper B-Line, Inc., 725 F.3d 795, 799-800 (7th Cir. 2013), I could not grant summary judgment on this ground without giving plaintiff an opportunity to present additional evidence.  Preddie v. Bartholomew Consolidated School Corp., 799 F.3d 806, 820 (7th Cir. 2015).  Standing is generally a threshold issue, but courts are free to bypass even jurisdictional questions if a claim can be resolved on a different procedural ground.  Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422, 431 (2007).  Accordingly, despite my reservations about jurisdiction, I will grant defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies.

### B.  Availability of Volunteer

For the sake of completeness, I will address defendants' alternative argument, which is that plaintiff's claim must be dismissed because it is undisputed that plaintiff has not identified anyone who could lead a sweat lodge ceremony using the principles of the Native American Church.  The prison chaplain is unaware of an available volunteer; plaintiff has not offered any names of a potential volunteer, either prisoner or nonprisoner; and plaintiff says that he is not comfortable leading the ceremony himself.  Plt.'s Resp. to Dfts.' PFOF ¶¶ 12-

14, dkt. #125.  Plaintiff does not argue that prisoners could hold the ceremony without a leader or that the defendants are violating the Constitution by failing to make greater efforts to find a volunteer, so it is not clear what plaintiff wants defendants to do.  In fact, it is undisputed that prison staff have told plaintiff that, if a volunteer is located, "a Native American Church sweat lodge could be accommodated."  Id. at ¶ 15.

Despite defendants' argument in their brief-in-chief that plaintiff's claim is not ripe until a volunteer can be located, plaintiff failed to address the issue in his response brief.  This is simply further proof that there is no real controversy between the parties and any court resolution of the merits of plaintiff's claim would be premature.

### C. Manual

In his own motion for summary judgment, plaintiff raises another issue, which is whether a manual on religion prepared by the Wisconsin Department of Corrections in 2011 violates plaintiff's rights under the free exercise clause.  Plaintiff did not raise this issue in his complaint, so it is beyond the scope of this case.  Anderson v. Donahoe, 699 F.3d 989, 997 (7th Cir. 2012).

Even if plaintiff could raise this issue now, he would not prevail on it.  When plaintiff discussed the manual in previous filings, I questioned the manual's relevance:

> Plaintiff seems to believe that the . . . manual is proof that defendants are discriminating against him because it suggests that defendants have a policy that is specific to Native American religions, but plaintiff does not identify any reason to believe that the alleged policy treats Native Americans less favorably than anyone else. . . . [E]ven if the manual was not favorable to Native Americans, it is not clear how it would shed any light on whether defendants

are discriminating against plaintiff in particular. What matters is defendants' *conduct*, regardless of the language in a policy.

Dkt. #70 at 23. Plaintiff still has not explained how he believes the manual treats adherents of Native American religions less favorably than members of other faiths and he has not identified any way in which one of the defendants or anyone else used the manual in a way that violated his rights or otherwise harmed him.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Jon Litscher, Kelli Willard West and Gary Boughton on plaintiff Johnson Greybuffalo's claim that defendants are denying his request for a separate sweat lodge ceremony, dkt. #111, is GRANTED on the ground that plaintiff failed to exhaust his administrative remedies, and plaintiff's motion for summary judgment, dkt. #107, is DENIED. The clerk of court is directed to enter judgment and close this case.

Entered this 1st day of February, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge